UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------x
AMBER ROAD, INC.,

        Plaintiff,

    v.

AMISH SHETH,

        Defendant.
-----------------------------------------------------x

Civil Action No. 15-6984 (ES)(MAH)

**ANSWER TO THE COMPLAINT**

Defendant, AMISH SHETH, by his attorneys, CLIFTON BUDD & DeMARIA, LLP, for his Answer to the Complaint, alleges as follows:

## PARTIES

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.    Admits the allegations in paragraph 3 of the Complaint.

4.    Denies the allegations in paragraph 4 of the Complaint, except to admit that at times during his employment with Plaintiff, Defendant had business dealings with Plaintiff within the State of New Jersey.

## JURISIDICTION & VENUE

5. Denies the allegations in paragraph 5 of the Complaint, except to admit that this Court has jurisdiction over proper claims brought pursuant to the cited laws.

6. Denies the allegations in paragraph 6 of the Complaint, except to admit that this Court has jurisdiction over proper claims brought pursuant to the cited laws.

7. Denies the allegations in paragraph 7 of the Complaint, except to admit that venue over proper claims governed by the laws cited in the Complaint is properly placed in the District of New Jersey.

## FACTS COMMON TO ALL COUNTS

### The Nature of the Case

8. Denies the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint, except to admit that Plaintiff seeks certain items of relief from the Court as outlined in the paragraph.

### Plaintiffs' [sic] Business and Trade Secrets

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

**Defendant's Employment with Amber Road**

19. Admits the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

21. Denies the allegations in paragraph 21 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

22. Denies the allegations in paragraph 22 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

23. Denies the allegations in paragraph 23 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

24. Denies the allegations in paragraph 24 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

25. Denies the allegations in paragraph 25 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

26. Denies the allegations in paragraph 26 of the Complaint, except to admit that during the course of his employment with Plaintiff, Defendant had certain responsibilities with respect to Plaintiff's technologies.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, except to admit that at times during his employment with Plaintiff he served on a Senior Management Team.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

### Sheth's Resignation and Misappropriation

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint, except to respectfully refer the Court to the documents alleged for the proper interpretation thereof.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

39. Denies the allegations in paragraph 39 of the Complaint.

## COUNT ONE

**(Violation of the N.J. Trade Secrets Act - N.J.S.A. 56:15-1, et seq.)**

40. Repeats and realleges his responses to paragraph 1-39 of the Complaint as if set forth fully herein.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Denies the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies the allegations in paragraph 48 of the Complaint.

49. Denies the allegations in paragraph 49 of the Complaint.

## COUNT TWO

### (Breach of Contract)

50. Repeats and realleges his responses to paragraph 1-49 of the Complaint as if set forth fully herein.

51. Denies the allegations in paragraph 51 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

52. Denies the allegations in paragraph 52 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

53. Denies the allegations in paragraph 53 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

54. Denies the allegations in paragraph 54 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

55. Denies the allegations in paragraph 55 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

56. Denies the allegations in paragraph 56 of the Complaint, except to respectfully refer the Court to the document alleged for the proper interpretation thereof.

57. Denies the allegations in paragraph 57 of the Complaint, including but not limited to all subparts thereof.

58. Denies the allegations in paragraph 58 of the Complaint.

59. Denies the allegations in paragraph 59 of the Complaint.

60. Denies the allegations in paragraph 60 of the Complaint.

61. Denies the allegations in paragraph 61 of the Complaint.

62. Denies the allegations in paragraph 62 of the Complaint.

## COUNT THREE

### (Violation of Computer Fraud and Abuse Act – 18 U.S.C. s. 1030, et seq.)

63. Repeats and realleges his responses to paragraph 1-62 of the Complaint as if set forth fully herein.

64. Denies the allegations in paragraph 64 of the Complaint.

65. Denies the allegations in paragraph 65 of the Complaint.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies the allegations in paragraph 67 of the Complaint.

68. Denies the allegations in paragraph 68 of the Complaint.

69. Denies the allegations in paragraph 69 of the Complaint.

## COUNT THREE

### (Violation of New Jersey Computer-Related Offenses Act, N.J.S.A. 2A:38A-3)

70. Repeats and realleges his responses to paragraph 1-69 of the Complaint as if set forth fully herein.

71. Denies the allegations in paragraph 71 of the Complaint.

72. Denies the allegations in paragraph 72 of the Complaint.

73. Denies the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Denies the allegations in paragraph 75 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state claims upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to his attorneys' fees and costs, including but not limited to a sum to cover the service of expert witnesses, as the claim of misappropriation has been made in bad faith.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law and common law claims are superceded and/or preempted by the New Jersey Trade Secrets Act claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant was permitted access to the information forming the basis of the claims in this matter.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to take sufficient action to protect its alleged trade secrets or other confidential information.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The information forming the basis of the claims in this matter are not trade secrets or otherwise protectable.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled punitive damages as there was no malice or wanton/willful disregard for Plaintiff.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

There was no misappropriation.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a double recovery.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

The Court lacks diversity subject matter jurisdiction.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no immediate or irreparable injury and, therefore, is not entitled to injunctive relief.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were not proximately caused by Defendant.

Defendant demands a trial by jury for all issues so triable.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety, and requests that this Court grant Defendant his costs, attorneys' fees and such other and further relief that this Court deems just and proper.

Dated:   New York, New York
         December 23, 2015

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP

/s Scott M. Wich

Scott M. Wich, Esq. (SW-6781)
The Empire State Building
350 Fifth Avenue, Suite 6110
New York, New York  10118
Phone: (212) 687-7410
Fax: (212) 842-5235
E-Mail: smwich@cbdm.com