UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------x
:
AMBER ROAD, INC.,                               :
                                                :   Civil Action No. 15-6984 (ES)(MAH)
                Plaintiff,                      :
                                                :
        v.                                      :   **JOINT PROPOSED DISCOVERY PLAN**
                                                :
AMISH SHETH,                                    :
                                                :
                Defendant.                      :
------------------------------------------------x

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    For the Plaintiff
    Robert J. Flanagan III, Esq.
    Greenbaum, Rowe Smith & Davis, LLP
    Metro Corporate Campus One
    P.O. Box 5600
    Woodbridge, NJ 07095-0988
    Phone: (732) 476-3204
    Fax: (732) 476-3205

    For the Defendant
    Scott M. Wich, Esq.
    Clifton Budd & DeMaria, LLP
    The Empire State Buildling
    350 Fifth Avenue, 61st Floor
    New York, New York 10118
    Phone: (212) 687-7410
    Fax: (212) 842-5235

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

    For the Plaintiff: Since at least 2012, plaintiff has been a leading manufacturer of global trade management ("GTM") software. GTM solutions automate import and export processes to enable goods to flow unimpeded across international borders in the most

efficient, compliant and profitable way. Plaintiff's success is the direct result of the software, trade content and global network that it has created through years.

Plaintiff's trade secret, confidential or proprietary information can be broken down into three separate categories, namely, (i) Plaintiff's software technology; (ii) Plaintiff's trade content; and (iii) Plaintiff's marketing and processes (collectively "Trade Secrets"). Plaintiff's Trade Secrets provide Plaintiff with a substantial competitive advantage over its competitors, and Plaintiff has taken substantial steps to secure the safety and confidentiality of its Trade Secrets.

Defendant was hired by Plaintiff in March 2007 as a Director of Information Engineering. Over the course of the next eight years, Defendant received several promotions, becoming the Chief Software Architect in August 2007, the V.P. of Global Engineering in November 2008, and finally Plaintiff's Chief Technology Officer in July 2014. Upon his hire, and in consideration for his hire, on March 14, 2007, Defendant entered into, inter alia, a Confidential Information, Assignment of Rights, Non-Solicitation and Non-Competition Agreement with Plaintiff.

Throughout the course of his employment with Plaintiff, Defendant's responsibilities included managing all of Plaintiff's technologies. During his employment, Defendant was granted continual unrestricted access to all of Plaintiff's Trade Secrets, and did access those Trade Secrets on a routine basis. Also upon his hire in 2007, Defendant was appointed to Plaintiff's Senior Management Team ("SMT"). The SMT is comprised of Plaintiff's CEO and the heads of each of Plaintiff's departments, and prior to Defendant's resignation, had 13 members out of approximately 800 employees. The 13 members on the SMT, including Defendant, have direct contact with, and utilize, Plaintiff's Trade Secrets to perform their functions.

In or about late-May 2015, Defendant submitted a resignation letter notifying Plaintiff that he was accepting a position with Amazon, as the Director of Amazon Fulfillment Technologies. Amazon is a former customer of Plaintiff, and a direct competitor that provides similar GTM services as Plaintiff not only with respect to Amazon's own internal sales, but also to the myriad of other vendors and suppliers that utilize its services.

On June 11, 2015, Defendant formally resigned from Plaintiff, said date being the last day of his employment. At the time of his resignation, Defendant signed a Termination Acknowledgment in which he stated that he had returned all Confidential Information to Plaintiff. However, prior to his resignation, Defendant copied Plaintiff's Trade Secrets to at least 8 different storage devices. Defendant is now misappropriating Plaintiff's Trade Secrets by utilizing them as a part of his employment with Amazon, a direct competitor of Plaintiff, and thus causing Plaintiff to suffer significant harm.

Plaintiff brings this action in order to obtain a judgment that Defendant has (i) breached the relevant provisions of his confidentiality agreement with Plaintiff by disclosing and improperly using Plaintiff's trade secret, confidential or proprietary information; (ii)

violated N.J.S.A. 56:15-1, et seq. by misappropriating Plaintiff's trade secret, confidential or proprietary information; (iii) violated the Federal Computer Fraud and Abuse Act (18 U.S.C. § 1030 et seq.) by knowingly exceeding his authorized access on Plaintiff's protected computer systems with the intent to defraud, and furthering that intent to defraud by improperly obtaining Plaintiff's highly valuable trade secret, confidential, or proprietary information.

Plaintiff has asserted four counts against defendant for Violation of the N.J. Trade Secrets Act – N.J.S.A. 56:15-1 et seq., Breach of Contract, Violation of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030 et seq., and Violation of New Jersey Computer-Related Offenses Act, N.J.S.A. 2A:38A-3.

For the Defendant: Defendant has asserted a number of affirmative defenses, including challenges to the secrecy of the information, good faith basis of the claims, preemption, non-entitlement to the relief sought and preservation of the defense of lack of subject matter jurisdiction.

3. Have settlement discussions taken place? Yes __X__ No _____

   (a) What was plaintiff's last demand?

       (1) Monetary demand: $ _____
       (2) Non-monetary demand: Certain Restrictive Covenants and Warranties

   (b) What was defendant's last offer?

       (1) Monetary offer: $ _____
       (2) Non-monetary offer: Certain Restrict Covenants and Warranties

4. The parties [have] met pursuant to Fed. R. Civ. P. 26(f)

5. The parties [have not] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   The parties have deferred discovery in an effort to settle the case without incurring unnecessary litigation expense.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

7. The parties [have] conducted discovery other than the above disclosures. If so, describe.

   For the Plaintiff: Plaintiff has not provided any discovery to Defendant at this time.

<u>For the Defendant</u>: Defendant has provided Plaintiff with all of the disputed storage devices in Defendant's possession.

8. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

   <u>For the Defendant</u>: Defendant anticipates issuing discovery on subjects that include, but are not necessarily limited to: Plaintiff's mechanisms to protect the information it alleges was taken by Defendant; Plaintiff's evidence that Defendant took Plaintiff's information; Types/Nature/Substance of information allegedly taken; Plaintiff's damages; Plaintiff's business activities related to the use of the allegedly taken information; Plaintiff's evidence that the information alleged was protected and protectable under the law; Basis for Plaintiff's claims; Third-party discovery on Plaintiff's use and disclosure of the information alleged to be protected

   (b) Discovery [should not] be conducted in phases or be limited to particular issues. Explain.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures <u>April 22, 2016</u>.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) <u>April 29, 2016</u>.

   (3) Service of initial written discovery <u>May 13, 2016.</u>

   (4) Maximum of <u>25</u> Interrogatories by each party to each other party.

   (5) Maximum of <u>10</u> depositions to be taken by each party.

   (6) Motions to amend or to add parties to be filed by <u>April 22, 2016</u>.

   (7) Factual discovery to be completed by <u>December 29, 2016</u>.

   (8) Plaintiff's expert report due on <u>September 29, 2016</u>.

   (9) Defendant's expert report due on <u>45 days following service of Plaintiff's expert report</u>.

   (10) Expert depositions to be completed by <u>60 days following the deadline for service of Plaintiff's expert report</u>.

   (11) Dispositive motions to be served within <u>60</u> days of completion of discovery.

  (d)  Set forth any special discovery mechanism or procedure requested.

  (e)  A pretrial conference may take place on _____.

  (f)  Trial date: _____ (_____ Jury Trial; _____ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes_____ No X. If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes_____ No X_____.

  If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes No X_____.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

  Mediation may be appropriate if the parties are unable to reach a resolution by themselves.

14. Is this case appropriate for bifurcation? Yes_____ No X_____

15. An interim status/settlement conference (with clients in attendance), should be held in _____.

16. We do not consent to the trial being conducted by a Magistrate Judge.

17.	Identify any other issues to address at the Rule 16 Scheduling Conference.

/s/ Robert J. Flanagan III /s/
_____
Attorney(s) for Plaintiff(s) / Date: March 23, 2016

/s/ Scott M. Wich /s/
_____
Attorney(s) for Defendant(s) / Date: March 23, 2016